UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| COREY ALLEN BENNETT, | ) | |
|---|---|---|
| *Petitioner*, | ) | |
| v. | ) | No. 3:14-cv-158-TAV-CCS |
| MICHAEL DONAHUE, Warden, | ) | |
| *Respondent*. | ) | |

## MEMORANDUM

This is a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Corey Alan Bennett ("petitioner"). The matter is before the Court on the motion to dismiss filed by respondent.[1] For the following reasons, the motion to dismiss [Doc. 15] will be **GRANTED** and this action will be **DISMISSED WITHOUT PREJUDICE**.

On March 26, 2014, petitioner filed a petition in the Western District of Tennessee pursuant to 28 U.S.C. § 2254 alleging that his sentence has expired for his conviction for contempt of court [Doc. 1]. The petition was transferred to this Court, and on April 24, 2014, the Court directed respondent to respond to the petition [Doc. 11]. In response to that order, respondent filed a motion to dismiss for failure to exhaust state remedies [Doc. 15].

---

[1] Respondent has filed a motion to substitute counsel [Doc. 18], which will be granted.

A state prisoner's petition for a writ of habeas corpus cannot be granted by a federal court unless the petitioner has exhausted his available state-court remedies. 28 U.S.C. § 2254. This rule has been interpreted by the Supreme Court as one of total exhaustion. *Rose v. Lundy*, 455 U.S. 509 (1982). Thus, each and every claim set forth in the federal habeas corpus petition must have been presented to the state appellate court. *Picard v. Connor*, 404 U.S. 270 (1971).

With respect to petitioner, in March 2011, petitioner was convicted of contempt of court and sentenced to 53 days of incarceration, in Knox County Circuit Court Case No. 119896. He obtained a separate conviction for attempted sexual exploitation of a minor and four counts of aggravated stalking. It appears that petitioner's argument in this action is that the detainer placed upon him to serve his sentence for the contempt conviction upon the expiration of his other sentence is unlawful because the contempt sentence has already expired. Yet, on April 22, 2014, petitioner filed a state habeas petition in Knox County, Tennessee, alleging that his 53-day sentence for his contempt conviction had expired [Doc. 15-1]. The state petition challenges the expiration date of his contempt sentence, as the petition does in this case.

Based upon the foregoing, it appears that petitioner's proceedings in the state court were still pending at the time he filed this action and he therefore failed to exhaust his state remedies. Accordingly, the motion to substitute [Doc. 18] and the motion to dismiss [Doc. 15] will be **GRANTED**, and all of petitioner's pending motions [Docs. 12, 14, 16, 17] will be **DENIED**. The Clerk will be **DIRECTED** to substitute Deputy Attorney

2

Case 3:14-cv-00158-TAV-CCS   Document 19   Filed 03/12/15   Page 2 of 3   PageID #: 94

General Jennifer L. Smith as counsel for the respondent.  The petition for habeas corpus relief will be **DENIED** and this action will be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state-court remedies.  A certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure.  The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                  s/ Thomas A. Varlan
                                  CHIEF UNITED STATES DISTRICT JUDGE